UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| GLENN L. DAVIS | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-cv-457 |
| | ) | 3:04-cr-125 |
| | ) | *Jordan* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Glenn L. Davis ("Davis") has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion will be **DENIED** as time-barred and this action **DISMISSED**.

Davis pleaded guilty to possession with intent to distribute more than 500 grams of cocaine and possession of a firearm in relation to a drug trafficking crime. He was sentenced to consecutive terms of imprisonment of 60 months each, for a total effective sentence of 120 months, by judgment entered September 8, 2004. He did not appeal his convictions or sentence. Davis now alleges his sentence was illegal and that he received ineffective assistance of counsel.

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the only time constraint for a federal prisoner to file a § 2255 motion was if the respondent had been prejudiced in responding to the motion or petition because of the delay in filing. Rule 9(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. As a result of the AEDPA, however, a federal prisoner has one year in which to file a § 2255 motion. The limitation period generally runs from the date on which the judgment of conviction becomes final.

In the event a petitioner does not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed. *See Chandler v. United States*, 22 Fed.Appx 399, 400, 2001 WL 1176597 *1 (6th Cir. 2001) (citing *Johnson v. United States*, 246 F.3d 655, 657-58 (6th Cir. 2001)); *see also United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002) (footnote omitted) ("because defendant did not pursue a direct appeal from the judgment of conviction, he cannot rely on the 90-day period for seeking certiorari review of a judgment of the court of appeals to extend the date on which his conviction became final").

In Davis' case, the statute of limitation began to run on September 22, 2004, which was ten days after judgment was entered.  *See* FED. R. APP. P. 4(b); FED. R. CRIM. P. 45.[1] Davis filed his § 2255 motion on September 27, 2005[2], after the expiration of the one-year statute of limitation.

In a previous order, the court ordered Davis to show cause why his action should not be dismissed as untimely.  In response, Davis states that his attorney failed to file a notice of appeal, which would have accorded him ample opportunity to raise his claims before the court of appeals.  He also states that the Bureau of Prisons does not allow inmates to possess their presentence reports, which allegedly contain facts material to habeas corpus petitions. Davis also challenges the adequacy of the prison library where he is confined.

Davis' allegations fail to constitute cause as to excuse his failure to timely file his § 2255 motion.  *See Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003).  "The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances

---

[1]Because the notice of appeal must be filed within 10 days after judgment is entered, and not after service of the judgment, the additional three days for mailing provided by Rule 26(c) of the FEDERAL RULES OF APPELLATE PROCEDURE does not apply to the appeals period.  *See, e.g., United States v. Smith*, No. 87-5458, 1987 WL 44633 (6th Cir. September 3, 1987) (unpublished decision); *Smith v. Livesay*, No. 86-5654, 1986 WL 17819 (6th Cir. September 22, 1986) (unpublished decision).

[2]The court received the § 2255 motion on September 30, 2005.  The envelope, however, bears a prison post-mark of September 27, 2005, and thus the motion is considered filed as of that date, pursuant to the prison mailroom filing rule of *Houston v. Lack*, 487 U.S. 266, 270-72 (1988). *See Towns v. United States*, 190 F.3d 468 (6th Cir. 1999).

beyond that litigant's control." *Id.* at 604 (citations and internal quotations marks omitted). *See also Irwin v. Department of Veteran Affairs*, 498 U.S. 89, 96 (1990) (the principles of equitable tolling "do not extend to what is at best a garden variety claim of excusable neglect" ).

It plainly appears from the face of the motion and the prior proceedings in the case that Davis is not entitled to relief in this court and this action should be summarily dismissed; an evidentiary hearing is not required.  Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).  Accordingly, the motion to vacate, set aside or correct sentence will be **DENIED** as untimely and this action **DISMISSED**.

In addition to the above, this court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this court will **DENY** Davis leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE.  Davis having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253.

    **AN APPROPRIATE ORDER WILL ENTER.**

                                                    s/ Leon Jordan
                                                United States District Judge